# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SARAHI JOHNSON, | |
|      Plaintiff, | Case No.  1:18-cv-04718 |
| v. | |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT | **COMPLAINT** |
|      Defendant. | **JURY DEMANDED** |

Now comes the Plaintiff, SARAHI JOHNSON, by and through her attorneys, and for her Complaint against the Defendant, BLUESTEM BRANDS, INC. d/b/a FINGERHUT, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., resulting from the illegal actions of Defendant, in negligently, knowingly and/or willfully placing through its agent(s), automated calls to Plaintiff's cellular telephone and leaving artificial or prerecorded voice messages, in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2.      The TCPA was designed to prevent calls and messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private

homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5.      Persons, like Plaintiff herein, have no control to stop unwanted automated calls to their cellular telephones and artificial or prerecorded voice messages.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District and Defendant is subject to the Court's jurisdiction within this District.

## PARTIES

8.      Plaintiff is an individual who resides in Steger, Illinois.

9.      On information and belief, Defendant is a corporation of the State of Delaware, which is not licensed to do business in Illinois, and which has its principal place of business in Eden Prairie, Minnesota.

10.      On information and belief, at all times relevant hereto, Defendant was engaged in the sale of consumer goods and the collection of alleged debts owed upon said sales.

11.      Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

12.      Defendant is a "person" as defined in 47 U.S.C. § 153(39).

## COUNT I
## NEGLIGENT VIOLATION OF
## THE TELEPHONE CONSUMER PROTECTION ACT

13.      Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 12 above as if reiterated herein.

14.      Plaintiff began using Defendant's website during or about 2014 to purchase household items for herself as well as gifts for others.

15.      During or about December of 2017, Plaintiff lost her job and fell behind on her account payments.

16.      During that same month, Defendant called Plaintiff to set up a plan for Plaintiff to make monthly payments on her account.

17.      That same day, after Plaintiff set up her payment plan, Plaintiff began receiving a high volume of automated telephone calls to, and artificial or prerecorded voice messages on, her cellular telephone.

18.     Upon answering one of Defendant's telephone calls, Plaintiff spoke with an employee, agent and/or representative of Defendant and requested of said individual that Defendant stop placing calls to Plaintiff's cellular telephone.

19.     If Plaintiff did not answer Defendant's calls, she would receive an artificial or prerecorded voice message, which is indicative of an automated telephone dialing system.

20.     Despite unequivocal requests by Plaintiff that Defendant cease placing telephone calls to her cellular telephone, Plaintiff estimates that Defendant has placed at least 300 telephone calls to Plaintiff's cellular telephone between December of 2017 and May of 2018.

21.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.     Invasion of privacy;

    b.     Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

    c.     Wasting Plaintiff's time;

    d.     Risk of personal injury due to interruption and distraction when receiving unwanted telemarketing calls from Defendant;

    e.     Depletion of Plaintiff's cellular telephone battery;

    f.     The cost of electricity to recharge Plaintiff's cellular telephone battery; and

    g.     Stress, aggravation, emotional distress, mental anguish, and other similar categories of damages.

22.     On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

4

23. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

24. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

25. Plaintiff did not give Defendant her express consent, invitation or permission to contact her using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact her in this manner was terminated and revoked.

26. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

27. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

28. In multiple instances, Defendant placed automated telephone calls to Plaintiff without her prior express consent and used artificial or prerecorded voice messages, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

29.     Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

30.     The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

31.     As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

b.     Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

c.     Judgment against Defendant for Plaintiff's witness fees, court costs, and other litigation costs; and

d.     Any other relief deemed appropriate by this Honorable Court.

**COUNT II**
**KNOWING AND/OR WILLFUL VIOLATION OF**
**THE TELEPHONE CONSUMER PROTECTION ACT**

32.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 31 above as if reiterated herein.

33. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

34. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

    b.    Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    c.    Judgment against Defendant for Plaintiff's witness fees, court costs and other litigation costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

SARAHI JOHNSON

By:    <u>/s/ David B. Levin</u>
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, Illinois 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com